# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP512-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Gerald P. Boyle, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Gerald P. Boyle, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GERALD P. BOYLE

| | |
|---|---|
| OPINION FILED: | November 30, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2017AP512-D

STATE OF WISCONSIN           :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Gerald P. Boyle, Attorney at Law:**

**Office of Lawyer Regulation,**

             **Complainant,**

      **v.**

**Gerald P. Boyle,**

             **Respondent.**

**FILED**

**NOV 30, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended indefinitely.*

¶1   PER CURIAM.  We review Referee Jonathan V. Goodman's report recommending that we indefinitely suspend the Wisconsin law license of Gerald P. Boyle due to his medical incapacity, and hold the pending disciplinary proceeding against him in abeyance for as long as his license remains suspended.

¶2   This matter began with a March 2017 disciplinary complaint filed by the Office of Lawyer Regulation (OLR) against Attorney Boyle.  The OLR alleged that Attorney Boyle committed four counts of professional misconduct involving two client

matters, and two additional counts of misconduct related to his failure to cooperate with the OLR's investigation into those matters.

¶3 In April 2017, after receiving confirmation that Attorney Boyle had been served with the complaint, the court appointed Jonathan V. Goodman to serve as the referee in this matter. See SCR 22.13(3).

¶4 In May 2017, Attorney Boyle, through counsel, filed an answer to the complaint in which he denied most of the allegations of misconduct and asked for the complaint to be dismissed or, alternatively, for a hearing on the matter.

¶5 In February 2018, Attorney Boyle, through counsel, declared in a filing that he suffered from a medical incapacity that made the defense of the disciplinary proceeding impossible. See SCR 22.16(4)(d).[1] Attorney Boyle explained that his medical condition had necessitated an extended stay in a hospital

---

[1] SCR 22.16(4)(d) provides:

> If the referee finds that a medical incapacity makes the defense of the proceeding impossible, the referee shall file a report promptly with the supreme court. If the court disapproves the referee's finding, the court shall direct the referee to proceed with the misconduct action. If the court approves the referee's finding, the court shall abate the misconduct proceeding and suspend the respondent's license to practice law for medical incapacity until the court orders reinstatement of the attorney's license under SCR 22.36. Upon reinstatement, the court shall direct the referee to proceed with the misconduct action.

intensive care unit. He stated that his doctors have deemed him not capable of working as an attorney. In March 2018, Attorney Boyle, through counsel, filed a doctor's report that further explained his medical condition.

¶6 In July 2018, the parties filed a stipulation stating that Attorney Boyle has substantial medical problems that make his defense of the disciplinary proceeding impossible.

¶7 Later in July 2018, the referee filed a report and recommendation stating that, based upon the stipulation and a review of submitted medical records: (1) Attorney Boyle has a medical incapacity that makes his defense of the disciplinary proceeding impossible; and (2) the proceedings in this matter should be abated and Attorney Boyle's law license should be indefinitely suspended pursuant to SCR 22.16(4)(d). The referee further recommended that the court decline to impose costs on Attorney Boyle because he is no longer able to be employed.

¶8 On August 20, 2018, the OLR filed its statement of costs, seeking full costs totaling $1,426.93.

¶9 On September 10, 2018, Attorney Boyle, through counsel, filed a letter encouraging the court to adopt the referee's recommendation that no costs be assessed against him. Attorney Boyle asserted that he is unable to work, and thus the imposition of costs would impose a hardship.

¶10 We adopt the referee's finding that Attorney Boyle has a medical incapacity that makes the defense of this disciplinary proceeding impossible. We agree with the referee's recommendation that Attorney Boyle's license to practice law in

Wisconsin should be suspended indefinitely pursuant to SCR 22.16(4)(d). We also agree with the referee's recommendation that the proceedings in this matter should be abated pursuant to SCR 22.16(4)(d).

¶11 We depart from the referee's recommendation that, in this decision, we should absolve Attorney Boyle of the costs of this proceeding. Because we are staying a determination on the merits of this disciplinary proceeding due to Attorney Boyle's medical incapacity, it would be premature to rule now on the OLR's request for costs, one way or the other. Therefore, we hold the OLR's request for costs in abeyance until such time, if any, as this disciplinary proceeding is resumed pursuant to SCR 22.16(4)(d).

¶12 IT IS ORDERED that the license of Gerald P. Boyle to practice law in Wisconsin is suspended for an indefinite period, commencing the date of this order and until further order of the court. See SCR 22.16(4)(d).

¶13 IT IS FURTHER ORDERED that the Office of Lawyer Regulation's request for costs is held in abeyance until such time, if any, as this disciplinary proceeding is resumed pursuant to SCR 22.16(4)(d).

¶14 IT IS FURTHER ORDERED that Gerald P. Boyle shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

4